# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3283

_____

Robert I. Greenberg,       *
      *
      Appellant,       *
      *
      v.       *   Appeal from the United States
      *   District Court for the District
City of St. Paul; Christopher Coleman;   *   of Minnesota.
Jerry Blakey; Pat Harris; Jim Reiter;   *
Dan Bonstrom, (all in their personal   *     [UNPUBLISHED]
and official capacities),       *
      *
      Appellees.       *

_____

Submitted: May 15, 2003

Filed: May 21, 2003

_____

Before LOKEN, Chief Judge, FAGG and MURPHY, Circuit Judges.

_____

PER CURIAM.

To protest a highway project, Robert I. Greenberg pushed a pie in the face of a Minnesota state senator. Greenberg was found guilty in state court of disturbing or intimidating the legislature. The state courts rejected Greenberg's claims that the First Amendment protected his conduct. Greenberg later applied for the executive director position of the Payne/Phalen District 5 Council, a community organization established by the St. Paul City Council. After the District Council voted to hire

Greenberg, the City Council voted to suspend funding to the District Council pending an investigation of the process surrounding Greenberg's hire based on allegations that Greenberg's conviction had not been disclosed to the District Council. The District Council then voted to rescind its motion to offer the job to Greenberg, and the City Council repealed its suspension of funding. Greenberg brought this action against the City of St. Paul and the five members of the City Council who voted to suspend funding to the District Council. Greenberg claimed they violated his rights to procedural and substantive due process, equal protection, his rights under the Privileges and Immunities Clause, and his rights to free speech. Greenberg also asserted a state law claim of intentional interference with an employment contract.

The district court[*] granted summary judgment to the defendants. The court concluded Greenberg's § 1983 claims failed because he failed to show he was denied a right under the Constitution or any federal statute. Specifically, the court held Greenberg's procedural due process claim failed because there was no employment relationship between Greenberg and the District Council creating a property interest and no stigmatization infringing on Greenberg's liberty interest in future employment. The district court concluded Greenberg's substantive due process claim failed because occupational liberty is not a protected right under substantive due process. Greenberg's equal protection claim failed because he provided no evidence about the identities of any similarly situated persons or about instances of disparate treatment. Because Greenberg did not argue the Privileges and Immunities Clause should be expanded to include the right to engage in employment, Greenberg's claim under the Clause likewise failed. Greenberg's First Amendment claim, that his right to free speech based on his earlier "statement" of pushing the pie into the Senator's face was violated by the suspension of funding to the District Council, was collaterally estopped by the earlier state court holding that Greenberg's conduct was not protected

[*]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

by the First Amendment.  Last, the district court rejected Greenberg's interference with contractual relations claim brought under state law because he failed to establish he had an employment contract.

On appeal, Greenberg argues there was an employment contract because he had drafted postdated, job-related memoranda before the District Council revoked its offer.  We agree with the district court that Greenberg had not started performing his job.  As for Greenberg's other claims, we have carefully reviewed Greenberg's arguments, the record, and the controlling law, and conclude the district court properly rejected them.  We have nothing to add to the district court's explanation, and thus summarily affirm the district court.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.